STATE OF MONTANA ex rel. STATE HIGHWAY COMMISSION of the State of Montana and HARRY L. BURNS, L. V. SWANSON, OTIS S. WATERS, S. N. HALVORSON and ROY L. SORRELS, as Members of and Constituting the State Highway Commission of the State of Montana, Relators, v. DISTRICT COURT of the FOURTH JUDICIAL DISTRICT, MINERAL COUNTY, and HONORABLE E. GARDNER BROWNLEE, District Judge Thereof, Respondents.

No. 10102.

Submitted October 23, 1959. Decided October 31, 1959.

348 Pac. (2d) 132.

See **C. J. S.** Eminent Domain § 237.

Paul T. Keller, Clayton R. Herron, Paul F. Reynolds and Donald A. Douglas, Helena, for relators.

Gille V. Wooten, Hugh G. Kidder, Missoula, for respondents.

PER CURIAM.

This is an original proceeding seeking the issuance of an appropriate writ to the District Court of the Fourth Judicial District, in and for the County of Mineral, and the Honorable E. Gardner Brownlee, one of the district judges thereof.

Relators in their petition disclose that on or about September 29, 1958, the State Highway Commission of the State of Montana filed a condemnation action in the respondent court for the purpose of condemning certain lands owned by Ralph F. Green and Isabel Green, his wife; that in said action the Greens were named defendants along with the Federal Land Bank of Spokane, a mortgagee, which mortgagee thereafter filed a release of any claim as to the lands being condemned. That on November 12, 1958, an order of condemnation was entered, commissioners appointed who thereafter made an assessment of $25,071, from which assessment the State Highway Commission took a timely and proper appeal. Such sum was deposited in court on June 15, 1959, by the State Highway Commission and subsequently withdrawn by the Greens. After the appeal had been perfected, and the money so deposited in court withdrawn, the relators discovered that the United States

of America, acting by and through the Farmers'·Home Administration, had a recorded mortgage against the property being condemned and which mortgagee had not been made a party to the action. That petitioner attempted to obtain a release from said mortgagee and correspondence ensued but it was not until the District Court had set the case for trial that the mortgagee refused to execute a release. Thereupon petitioners, on October 6, 1959, moved in the District Court for an order permitting the addition of the United States of America, acting by and through the mortgagee, the Farmers' Home Administration, as a party defendant in the condemnation action, and at the same time moved for an order continuing the time of trial of said action in order to permit service upon such defendant and allow it time to make an appearance. At the hearing thereon in the District Court, the Greens were represented by their counsel and after consideration, both motions were denied by the court. Petitioners contend that a complete determination of the condemnation controversy cannot be had without the presence of the United States of America, acting by and through the Farmers' Home Administration, mortgagee as aforesaid, as a party defendant therein, and that the petitioners have no speedy or adequate remedy by appeal or otherwise.

An alternative writ was issued from this court ex parte and upon the return day the respondent court and judge, filed a motion to quash the alternative writ upon various grounds, and without waiver, as permitted under the rules of this court, filed their return.

·The relators base their application upon the provisions of section 93-2828, R.C.M. 1947, wherein it is stated: "* * * but when a complete determination of the controversy can not be had without the presence of other parties, the court must then order them to be brought in. * * *" The respondents contend that relators were required to proceed under section 93-3905, R.C.M. 1947,· to first set aside the assessment, in this

respect erroneously contending that such assessment by the three lay commissioners is in effect a judgment. Respondents further contend that since a period of more than six months had elapsed since the entry of such assessment, by the three lay commissioners, the District Court has no jurisdiction to entertain such an application and therefore of right the motion to add another party and to file an amended complaint should have been, as it was, denied by the District Court.

A fair reading of sections 93-9913, 93-9914, and 93-9915, ██ R.C.M. 1947, providing for the assessment of compensation and damages by the three commissioners, their report and the manner provided for the taking of an appeal therefrom, will readily indicate that the commissioners' assessment was not a judgment in any sense of the word, but merely an award by the lay commissioners of damages contained in their report.

Section 93-9915, R.C.M. 1947, provides: "* * * upon any verdict or assessment by commissioners becoming final, judgment shall be entered * * *." The assessment by the commissioners did not become final in the condemnation case because there was a proper and timely appeal taken therefrom by the State Highway Commission.

The purpose of that portion of section 93-2828 hereinbefore ██ quoted is obviously to secure a complete determination of the action between all parties necessary therein, and it is to be noted that this statute provides that "the court must then order them to be brought in." In other words, when it appears to the court that other parties are required for a complete determination it *must* order them brought in. This is a clear mandatory provision of our law.

Relators show here that a complete determination of the controversy cannot be had without the addition of another most necessary party who holds an unsatisfied mortgage on the real property involved to be accomplished by the filing of an amended complaint. Respondents contend however that the filing of an amended complaint would require a retrial. We

do not so view it for thus far there has been no trial whatever.

The matter of the laches of the relators in requesting to ▮ amend their complaint has been raised but we are satisfied from the showing made by the relators that they acted in good faith throughout and while they did not make their application immediately on notice of the absence of the mortgagee, it being a necessary party defendant in the action, relators did endeavor to work the matter out with such mortgagee in the hope that a release could be obtained but to no avail and then failing in that they proceeded as rapidly as was possible to bring such mortgagee into the action.

In view of what we have said heretofore, the motion to quash is denied. Let the peremptory writ issue.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES ADAIR and CASTLES concur. MR. JUSTICE ANGSTMAN being absent took no part in the decision.

MR. JUSTICE BOTTOMLY dissenting.

I dissent. In my opinion the writ heretofore issued should be dissolved and dismissed. The granting of the motion made by the State Highway Commission will only harass the defendant farm owners, Ralph F. Green and Isabel Green, and cause them more grief and expense.

There is no provision in our law to allow an amendment of complaint especially in an eminent domain action as hereafter an award has been made and paid over to defendants. In order to do so this court is usurping the duty and responsibility of the legislative branch of our government and writing a new procedure. The suggested amendment makes a new case. The majority, by its action here, is permitting the Highway Commission to capitalize on its own negligence by their failure to examine the County Clerk's records at the time of filing their lis pendens and complaint and penalizing the farm owners, Mr. and Mrs. Green. The law helps the vigilant before those

that sleep on their rights as the highway commission did here for over a year, R.C.M. 1947, section 49-119; no one should suffer for the act of another, R.C.M. 1947, section 49-112; and no one should take advantage of his own negligence.

In any event, the statute given us by the Legislature provides the lawful procedure in such cases and negatives the procedure attempted and countenanced by the majority opinion. The Highway Commission by its petition here asserts that unless this court order the District Court to now, at this late date, being over a year since filing its complaint, allow it to amend its complaint by bringing in another defendant, that its title to the property it is condemning, will be defective.

In such event our Legislature has provided a legal and lawful procedure for that particular purpose by enacting R.C.M. 1947, section 93-9916, which provides:

"If the title attempted to be acquired is found to be defective *from any cause, the plaintiff may again institute proceedings to acquire the same, as in this chapter prescribed."* Emphasis supplied. This section is plain and needs no interpretation; it means just what it says and it is our written law and again negatives any court-made procedure.